IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| PERCY LEE CLAY, DIANE CLAY ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | 1:08CV925 | |
| ) | | |
| CITIMORTGAGE, INC. ) | | |
| ) | | |
| Defendant. ) | | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, Percy and Diane Clay, pro se, filed this action against Defendant Citimortgage, Inc. setting out various causes of action. In response to Defendant's Motion for More Definite Statement (Doc. 29), this court entered an Order (Doc. 47) construing Plaintiffs' Complaint as stating three causes of action: breach of contract, conversion, and intentional infliction of emotional distress. Defendant has moved for summary judgment (see Doc. 104), and Plaintiffs have responded (see Docs. 108, 109). Therefore, Citimortgage's Motion for Summary Judgment (Doc. 104) is ripe for ruling. For the reasons set forth hereinafter, Citimortgage's Motion for Summary Judgment will be granted.

**I. PROCEDURAL HISTORY**

Plaintiffs filed an Amended Complaint (Doc. 5) on January 14, 2009. Defendant later moved for a more definite statement (see Doc. 29), and, on March 15, 2010, this court denied Defendant's motion. (See Order, March 15, 2010 (Doc. 47) at 10.)[1] However, this court construed the Amended Complaint and determined that Plaintiffs' allegations set out three causes of action: breach of contract, conversion, and intentional infliction of emotional distress.[2] (See id. at 9.)

Thereafter, an Initial Pretrial Conference Memorandum and Order (Doc. 66) was entered setting deadlines for amending the pleadings and conducting discovery. No substantive motions to amend were filed[3], and the discovery period ended on September

---

[1] All citations in this order to documents filed with the court refer to the page numbers electronically stamped at the bottom right-hand corner of the documents as they appear on CM/ECF.

[2] The basis for this court's jurisdiction is not readily apparent from the pleadings. The Amended Complaint alleges jurisdiction based upon 28 U.S.C. § 1331, or federal question jurisdiction. (See Am. Compl. (Doc. 5) at 1.) However, in light of this court's construction of Plaintiffs' Amended Complaint, no federal question was presented. Nevertheless, Defendant did not challenge diversity jurisdiction but instead moved to dismiss based upon the Rooker-Feldman doctrine. (See Mot. Dismiss Lack Subject Matter Jurisdiction (Doc. 71) at 1.) That motion was denied. (See Docs. 90, 110.) This court finds, in the absence of any objection, that diversity jurisdiction is present. See 28 U.S.C. § 1332. Citimortgage, Inc. is a corporation with headquarters in Missouri (Answer (Doc. 53) ¶ 2), and Plaintiffs are North Carolina citizens (Am. Compl. (Doc. 5) ¶ 1).

[3] Plaintiffs did file a motion to amend the Amended Complaint (see Doc. 64) and an additional Amended Complaint
(continued...)

2

24, 2010.  (See Initial Pretrial Conference Mem. & Order (Doc. 66) at 1.)

On January 19, 2011, Defendant filed a Motion for Summary Judgment (Doc. 104).  After the Motion for Summary Judgment was filed, Plaintiffs were served with notice of the filing from the Clerk of Court pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975).  (See Doc. 106.)  Plaintiffs did not file affidavits responding to, or denying, the specific allegations set forth by Defendant.  Instead, Plaintiffs responded with briefs objecting to and contesting the entry of summary judgment. (See Pls.' Resp. Def.'s Mot. Summ. J. (Doc. 108); Pls.' Mem. Law Supp. Opp'n Def.'s Mot. Summ. J. (Doc. 109).)

Before setting out the facts of this case, this court notes that Defendant relies upon two affidavits in support of its motion for summary judgment.  (See, e.g., Br. Supp. Mot. Summ. J. (Doc. 105) at 2-3, 5-8.)  Those affidavits were filed as exhibits to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 71).  (See Br. Supp. Mot. Summ. J. (Doc. 105)

---

³(...continued)
(see Doc. 70).  By order of the Magistrate Judge dated December 2, 2010,  Plaintiff's motion to amend (Doc. 64) was denied, and the second Amended Complaint (Doc. 70) was struck by order of the Magistrate Judge.  (See Doc. 90.)  The Magistrate Judge properly found that Plaintiffs' motion to amend the Amended Complaint should be denied "since Plaintiffs seek merely to add evidence regarding the measure of damages to 'assist the jury in properly assessing and determining damages,'" and no amendment is necessary for the presentation of evidence of damages.  (See Doc. 90 at 3.)

at 2 n.1; Swan Aff. (Doc. 71-2); Purser Aff. (Doc. 71-3).) Plaintiffs, on the other hand, have not directly responded by affidavit to some of the factual allegations contained in Defendant's motion. Instead, Plaintiffs' responses are directed to various legal issues and do not deny material factual assertions by Defendant. (<u>See generally</u> Docs. 108, 109.) While this court considers the factual allegations contained in the verified Amended Complaint (Doc. 5),

> [w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a <u>genuine issue for trial</u>."

<u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586–87 (1986) (footnote omitted) (citations omitted) (quoting Fed. R. Civ. P. 56(e))[4]. <u>See also</u> Fed. R. Civ. P. 56(e) (2011) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for the purposes of the motion.").[5]

---

[4] This case quotes an old version of Rule 56(e). The quoted language was removed from the 2011 version of Rule 56(e); however, in accordance with the Advisory Committee's commentary on the 2010 amendments, this court finds that "[t]he standard for granting summary judgment remains unchanged." <u>See</u> Fed. R. Civ. P. 56 advisory committee's notes on 2010 Amendments.

[5] Because Defendant's Motion for Summary Judgment was filed on January 19, 2011 (<u>See</u> Doc. 104), this court relies upon the
(continued...)

Therefore, the facts are set forth herein in the light most favorable to Plaintiffs, but where necessary to determine the existence of a material fact, the specific facts set forth by Defendant and not addressed or disputed by Plaintiffs are adopted.

## II. FACTS

Plaintiffs Percy and Diane Clay are husband and wife and residents of High Point, North Carolina. (Am. Compl. (Doc. 5) ¶ 1.) Defendant Citimortgage, Inc., is a corporation "licensed to make mortgage loans in the State of North Carolina." (Id. ¶ 2.) In 2002, Plaintiffs entered into a mortgage loan contract and deed of trust with Defendant on a home located in High Point, North Carolina. (Id. ¶ 4.; Swan Aff. (Doc. 71-2) ¶ 4.) The principal amount of the mortgage was $245,100.00[6]. (Swan Aff. (Doc. 71-2) ¶ 3.) The mortgage loan had an adjustable rate. (Id.)

---

[5](...continued)
2011 version of Rule 56 of the Federal Rules of Civil Procedure, which became effective December 1, 2010.

[6] The verified Amended Complaint alleges a mortgage in the amount of $258,000.00, (see Am. Compl. (Doc. 5) ¶ 4.); whereas, Defendant's affidavit alleges an "original principal obligation of $245,100.00," (see Swan Aff. (Doc. 71-2) ¶ 3.). The copy of the Note attached to Ms. Swan's affidavit as Exhibit A also demonstrates a principal amount of $245,100.000. (See Swan Aff. Ex. A (Doc. 71-2) at 6.) Nevertheless, the total amount of the principle obligation is not material to the resolution of this summary judgment motion.

Plaintiff alleges that "[t]he loan was scheduled to adjust in November/December, 2005." (Am. Compl. (Doc. 5) ¶ 5.) Apparently, at that time, Plaintiffs had substantial equity in the home. (Id. ¶ 7.) Plaintiffs allege that "[i]n January 2006 the loan adjusted to an amount beyond Plaintiffs' ability to pay it," and "[P]laintiffs attempted to work out an arrangement with [D]efendant." (Id. ¶ 8.)

Plaintiffs further "assert that Defendant then advised Plaintiffs that Plaintiffs had $1,236.50 in their escrow account, and, if [P]laintiffs would send [D]efendant $6,000.00, [D]efendant would combine the $6,000.00 with the $1,236.50 and that [D]efendant would apply the entire $7,236.50 to [P]laintiffs' loan[,] and [the loan] would then be no more than 60 days in arrears." (Id. ¶ 9.) Plaintiffs apparently accepted Defendant's offer and sent the $6,000.00 to Defendant as agreed. (Id. ¶ 10.)

According to Plaintiffs, problems then arose. Plaintiffs contend that Defendant initially denied receipt of the $6,000.00 payment. (Id. ¶ 10.) Plaintiffs further allege Defendant then refused to cooperate with a credit counselor, and finally Defendant interfered with Plaintiffs' efforts to refinance the home with a fixed-rate loan. (Id. ¶¶ 11-12.) Plaintiffs contend that Defendant "caused [P]laintiffs not to be able to refinance their house with another mortgage loan company" and "caused

Plaintiffs to file for bankruptcy and eventually lose their house in foreclosure." (Id. ¶¶ 15, 16) According to Plaintiffs' interrogatory responses, Defendant "refused to provide any information to the new mortgage loan company and caused the loan to become 90 days in arrears again." (Purser Aff. Ex. B (Doc. 71-3) at 4.)

Defendant has presented facts by affidavit that belie certain factual allegations and conclusions stated by Plaintiffs in the Amended Complaint. Plaintiffs have not disputed Defendant's allegation that by June 2005, Plaintiffs owed six monthly payments dating from January 2005. (Swan Aff. (Doc. 71-2) ¶ 7.) Defendant contends that a Forbearance Agreement was proposed and discussed by the parties; however, a written agreement was never executed. (Id. ¶ 8; see also id. Ex. D at 37-39.) Defendant states, without dispute, that the proposed agreement required Plaintiffs to make an initial $6,000.00 payment on or before June 30, 2005; after that initial payment, the proposed agreement required Plaintiffs to make monthly payments of $2,981.08 beginning on July 20, 2005. (Id. ¶ 8; see also id. Ex. D at 37-39.) According to Defendant, after Plaintiffs paid the $6,000.00, they made no further payments pursuant to the Note and Deed of Trust or the Forbearance Agreement, although some payments were made pursuant to

7

Plaintiffs' bankruptcy plan.[7]  (Id. ¶¶ 10-11.)  Plaintiffs do not dispute that by August 2005 they had again fallen behind and failed to make the payment required by July 20, 2005.  (Id. ¶ 10.)

Plaintiffs do not state whether they had a continuing duty to make payments pursuant to the Note or Forbearance Agreement. (See generally Am. Compl. (Doc. 5).)  However, Defendant makes clear that Plaintiffs' duty to make monthly payments continued because there was no agreement that waived all future payments or other terms of the Note.  (See Swan Aff. (Doc. 71-2) ¶¶ 8-11; id. Ex. D at 37-39.)

A foreclosure proceeding was instituted by Defendant on January 12, 2006. (Id. ¶ 12.)  An order was entered in that proceeding on February 15, 2006, which stated that Plaintiffs are in default on the Note.  (Id.; see also id. Ex. E at 40-41.) Plaintiffs declared bankruptcy on February 28, 2006; a confirmation order was entered.  (Id. ¶¶ 13-14.)  See also In Re Clay, No. 06-10201 (Bankr. M.D.N.C.).  Nevertheless, the bankruptcy proceeding was dismissed upon Plaintiffs' request on August 30, 2006.  See id.  (See also Swan Aff. (Doc. 71-2) ¶¶ 16-17.)  Following Plaintiffs' dismissal of the bankruptcy

---

[7] After Plaintiffs declared bankruptcy and a plan was created, Plaintiffs requested that the case be dismissed.  (Id. ¶¶ 16-17.)  See also In Re Clay, No. 06-10201 (Bankr. M.D.N.C. Aug. 30, 2006) (order dismissing case).

proceedings, the real property was foreclosed upon and sold to Fannie Mae. (Id. ¶¶ 19-21.)

### III. LEGAL STANDARD

Summary judgment is appropriate where an examination of the pleadings, affidavits, and other proper discovery materials before the court demonstrates that no genuine issues of material facts exist, thus entitling the moving party to judgment as a matter of law. Fed. R. Civ. P. 56(a) (2011); Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). If the moving party has met that burden, then the nonmoving party must persuade the court that a genuine issue remains for trial.

> When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. In the language of [Rule 56], the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial."

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986) (footnote omitted) (citations omitted) (quoting Fed. R. Civ. P. 56(e))[8]. In considering a motion for summary judgment, the court is not to weigh the evidence, but rather must determine whether there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The court must view the facts in the light most favorable to the nonmovant,

---

[8] See supra note 4.

drawing all justifiable inferences in favor of that party. Id. at 255. To have a genuine issue for trial, there must be more than a mere factual dispute; the fact in question must be material, and the dispute must be genuine. Fed. R. Civ. P. 56(a) (2011); Anderson, 477 U.S. at 248. A dispute is only "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

**IV. ANALYSIS**

Plaintiffs' first claim is one for breach of contract.[9] "Under North Carolina law, '[t]he elements of a claim for breach of contract are (1) existence of a valid contract and (2) breach of the terms of that contract.'" McFadyen v. Duke Univ., ___ F. Supp. 2d ___, 2011 U.S. Dist. Lexis 34839, at *266 (M.D.N.C. March 31, 2011) (alteration in original) (quoting Parker v. Glosson, 182 N.C. App. 229, 232, 641 S.E.2d 735, 737 (2007)). A valid contract is formed when at least two parties manifest an intent to be bound. Parker v. Glosson, 182 N.C. App. 229, 232, 641 S.E.2d 735, 737 (2007) (citing Croom v. Goldsboro Lumber Co., 182 N.C. 217, 220, 108 S.E. 735, 737 (1921)). A contract does not exist if "one party simply believes that a contract exists,

---

[9] "North Carolina substantive law applies to the elements of Plaintiffs' state law claims but the Federal Rules of Civil Procedure govern procedural law . . . ." Jackson v. Mecklenburg Cnty., N.C., No. 3:07-CV-218, 2008 U.S. Dist. Lexis 104410, at *5-6, 2008 WL 2982468, at *2 (W.D.N.C. July 30, 2008). All three of Plaintiffs' claims, as construed by this court, are state law claims.

10

but there is no meeting of the minds." Elliott v. Duke Univ., 66 N.C. App. 590, 595, 311 S.E.2d 632, 636 (1984) (citing Brown v. Williams, 196 N.C. 247, 145 S.E. 233 (1928)). Furthermore, the terms of a contract must be "definite and certain or capable of being made so," such that the parties "assent to the same thing, in the same sense." Horton v. Humble Oil & Ref. Co., 255 N.C. 675, 679, 122 S.E.2d 716, 719 (1961) (internal quotation marks omitted). "Thus, a contract exists only if there is mutual intent to contract and an agreement on sufficiently definite terms to be enforceable." McFadyen, 2011 U.S. Dist. Lexis 34839, at *266.

Plaintiffs' allege that Defendant initially failed to properly credit the $6,000.00 payment to Plaintiffs' account as agreed upon by the parties. Even assuming Plaintiffs can show a contractual obligation to credit the payment as alleged in the Amended Complaint, Plaintiffs have failed to present any admissible evidence that Defendant failed to properly credit the $6,000.00 payment to Plaintiffs' account. Defendant has presented uncontroverted evidence, in the form of a copy of the cancelled check, which shows that the payment was made in July 2005, rather than 2006 as alleged by Plaintiffs, and that payment was credited to Plaintiffs at some point. (Purser Aff. Ex. C (Doc. 71-3) at 5.)

Plaintiffs rely upon two different facts to show the improper failure to credit the account. The first fact relied upon by Plaintiffs is a statement made to Plaintiffs during an unknown time frame. Plaintiffs allege, "Finally, after about one week [P]laintiffs made telephonic contact with [D]efendant about the foregoing. Thereupon, [D]efendant's agent alleged that there was no record of [D]efendnat's [sic] receipt of a payment of $6,000.00 from [P]laintiffs." (Am. Compl. (Doc. 5) ¶ 10.) This allegation is too vague to provide any factual basis upon which to find the payment was not credited as required.

The second set of facts include alleged statements made by Defendant to an unidentified credit counselor acting on behalf of Plaintiffs. (Id. ¶¶ 11-12.) The statements of the unidentified credit counselor as to what he or she were told by Defendant are hearsay and therefore inadmissible, and may not be not be considered by this court in opposition to Defendant's motion for summary judgment. See Fed. R. Civ. P. 56(c)(4) (2011) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.").

Plaintiffs allege two other facts to support their breach of contract claim: (1) Defendant's failure to cooperate with a new mortgage company to provide Plaintiffs with a fixed-rate mortgage

and (2) Defendant's decision to place Plaintiffs in arrears. (Am. Compl. (Doc. 5) ¶¶ 12-13.) Plaintiffs have not presented or argued the creation of a contract establishing the creation of either of those contractual terms. The terms of a contract must be "definite and certain or capable of being made so," such that the parties "assent to the same thing, in the same sense." Horton, 255 N.C. at 679, 122 S.E.2d at 719 (internal quotation marks omitted). "[A] contract exists only if there is mutual intent to contract and an agreement on sufficiently definite terms to be enforceable." McFadyen, 2011 U.S. Dist. Lexis 34839, at *266.

Even assuming the existence of an agreement, Plaintiffs have not presented any admissible evidence that would support a finding that Defendant did in fact fail to cooperate with a new mortgage company to provide a fixed rate mortgage or that Defendant improperly placed Plaintiffs in arrears on their payments. Likewise, there is no admissible evidence presented which would support a finding that a mortgage company would in fact have refinanced, or was considering refinancing, Plaintiffs' mortgage. No evidence is presented to refute Defendant's assertion that Plaintiffs were in arrears on their loan, nor is any evidence presented to suggest that Plaintiffs should not have been placed in arrears on their loan with Defendant. See Fed. R. Civ. P. 56(c)(4) (2011) ("An affidavit or declaration used to

13

support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."). To the contrary, Defendant has presented admissible evidence that Plaintiffs failed to pay on the Note as required and were in default (Swan Aff. (Doc. 71-2) ¶¶ 6-12), a fact ultimately found by a state court as part of the foreclosure proceeding. (See Mot. Dismiss Lack Subject Matter Jursidiction (Doc. 71) ¶ 7; Swan Aff. Ex. E (Doc. 71-2) at 41.) Therefore, Plaintiff's claim for breach of contract should be dismissed.

Plaintiffs' remaining claims for relief, conversion and intentional infliction of emotional distress, are also subject to dismissal. "Conversion is defined as 'an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights.'" Hawkins v. Hawkins, 32 N.C. App. 158, 161-162, 231 S.E.2d 174, 176 (1977) (quoting Wall v. Colvard, Inc., 268 N.C. 43, 149 S.E.2d 559 (1966)). Even though Plaintiffs fail to identify whether it is the real property, which would not be the proper subject of a conversion action, or the $6,000.00 which Defendant has converted, Plaintiffs' claim fails. Plaintiffs have presented no evidence that Defendant's acceptance of the $6,000.00 payment was wrongful or that the foreclosure, (see Swan Aff. Ex. E (Doc. 71-

2) at 40-41), was improper.  Plaintiffs have therefore failed to present any evidence of an "unauthorized assumption" by Defendant as to any of Plaintiffs' property.  <u>Hawkins</u>, 32 N.C. App. at 161, 231 S.E.2d at 176.

Similarly, Plaintiffs have failed to present any evidence which would support a jury finding as to intentional infliction of emotional distress.  "In order to make out a prima facie showing for intentional infliction of emotional distress, the plaintiff must show the following: (1) that defendant engaged in extreme and outrageous conduct, (2) which was intended to cause and did cause (3) severe emotional distress."  <u>Watson v. Dixon</u>, 130 N.C. App. 47, 52, 502 S.E.2d 15, 19 (1998).  Plaintiffs have not presented any evidence that Defendant engaged in extreme and outrageous conduct.  To the contrary, Defendant has presented evidence that it proceeded with a foreclosure and sale as permitted pursuant to the terms of the Note and Deed of Trust.  (<u>See</u> Swan Aff. (Doc. 71-2) ¶ 12.)

Accordingly, this court finds that there is no genuine issue of material fact for trial and that consequently, Defendant's Motion for Summary Judgment (Doc. 104) should be granted.  As a result, this court further finds that Plaintiffs' Motion in Limine (Doc. 112) and related letter to the court (Doc. 115) are moot.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment (Doc. 104) is **GRANTED**. Plaintiffs' Motion in Limine (Doc. 112) and related letter (Doc. 115) are **DENIED AS MOOT**. A judgment dismissing this action will be entered contemporaneously with this order.

This the 11th day of August 2011.

                                                    /s/ William L. Osteen, Jr.
                                                    United States District Judge